IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Eurus Energy Holdings Corporation,

   Otemachi 1st Square West Tower,
   1-5-1 Otemachi, Chiyoda-ku, Tokyo
   100-0004, Japan

      *Petitioner,*

v.

Kingdom of Spain,

   Abogacia General del Estado
   Calle Ayala, 5
   28001 – Madrid
   Spain

      *Respondent.*

Civil Action No. _____

## Petition to Enforce Arbitral Award

Petitioner Eurus Energy Holdings Corporation ("Eurus") brings this action to enforce an arbitral award (the "Award") issued on November 14, 2022, in ICSID Case No. ARB/16/4 against Respondent, the Kingdom of Spain ("Spain"), following arbitration proceedings conducted in accordance with the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention"). Pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, arbitral awards issued under the ICSID Convention are not subject to collateral attack and must be enforced and given the same full faith and credit as if the award were a final judgment of a court in the United States. Accordingly, Petitioner requests that this Court (1) enter an order enforcing the Award in the same manner as a final judgment issued by a court of one of the several states, and (2) enter judgment in Petitioner's favor in the amounts specified in the Award, converted to U.S. dollars.

A certified copy of the Award is attached as Exhibit A to the Declaration of Matthew S. Rozen ("Rozen Declaration"), Exhibit 1 hereto. The Tribunal's Decision on Jurisdiction and Liability ("Jx. Dec.") is attached to the Award and incorporated by reference therein. *See* Award ¶ 5. A copy of the ICSID Convention is attached hereto as Exhibit 2.

## Parties

1. Petitioner Eurus is a corporation incorporated under the laws of Japan.

2. Respondent, the Kingdom of Spain, is a foreign state within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1332, 1391(f), 1602-1611.

## Jurisdiction and Venue

3. This Court has subject-matter jurisdiction over this action pursuant to the FSIA, 28 U.S.C. § 1330(a), because this is a "nonjury civil action against a foreign state" on a claim "with respect to which the foreign state is not entitled to immunity" under the FSIA.

4. Pursuant to Section 1605(a)(1) of the FSIA, Spain is not entitled to immunity from this Court's jurisdiction in an action to enforce an ICSID Convention award because it has waived that immunity by agreeing to the ICSID Convention. *See Tatneft v. Ukraine*, 771 F. App'x 9, 9 (D.C. Cir. 2019) (per curiam); *Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72, 84 (2d Cir. 2013).

5. Further, pursuant to Section 1605(a)(6) of the FSIA, Spain is not immune from suit because this is an action to enforce an arbitral award made pursuant to the arbitration provision of an investment treaty, *see infra* ¶¶ 9-22, and enforcement is governed by the ICSID Convention, which is a treaty in force in the United States for the recognition and enforcement of arbitral awards. *NextEra Energy Global Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1094 (D.C. Cir. 2024).

6. This Court also has subject-matter jurisdiction pursuant to 22 U.S.C. § 1650a(b), which provides that "[t]he district courts of the United States . . . shall have exclusive jurisdiction over actions and proceedings" to enforce awards entered under the ICSID Convention.

7. This Court has personal jurisdiction over Spain pursuant to the FSIA, 28 U.S.C. § 1330(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(f)(4).

8. The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., does "not apply to enforcement of awards rendered pursuant to the [ICSID] convention." 22 U.S.C. § 1650a(a). Thus, the FAA's jurisdictional requirements do not apply to this action.

## The Underlying Dispute

9. Beginning in 1997, Spain adopted legislation that liberalized its electricity market and sought to attract investment in renewable energies, including concentrated solar power, within its territory. Jx. Dec. ¶¶ 95-119. In reliance on the financial incentives and inducements provided by these legislative measures, between 1997 and 2008, Eurus invested in Spanish companies that own and operate wind farms in Spain's territory. *Id*. ¶¶ 120-30. After a change in governmental leadership, Spain adopted a series of laws between 2012 and 2014 retrenching on, and eventually revoking, the economic incentives on which Eurus had relied in investing in the wind farms. *Id*. ¶¶ 135-42.

10. Eurus's investments in wind farms were protected by the Energy Charter Treaty ("ECT") (Exhibit 3 hereto), which "establishes a legal framework [for] promot[ing] long-term cooperation in the energy field," ECT, art. 2, and seeks to "create stable, equitable, favourable and transparent conditions for Investors . . . includ[ing] a commitment to accord . . . fair and equitable treatment," *id* art. 10(1). *See also* Jx. Dec. ¶¶ 312-18.

11. The ECT protects investments in the territory of a "Contracting Party" to the treaty by "Investors" located or incorporated in "other Contracting Parties." ECT, arts. 1(7), 10(1), 26.

12. Spain and Japan are both Contracting Parties to the ECT, so the ECT protects investments in Spain by investors located or incorporated in Japan. Award ¶ 1; Jx. Dec. ¶ 1.

13. Eurus is an investor under the ECT, and is incorporated under the laws of Japan. Jx. Dec. ¶¶ 3, 152. Eurus's investments in Spain are therefore protected by the ECT.

14. Contracting Parties to the ECT consent to submit disputes arising under that treaty to arbitration. Article 26(3)(a) of the ECT provides that "each Contracting Party hereby gives its unconditional consent to the submission of a dispute to international arbitration . . . in accordance with the provisions of this Article." Article 26(4)(a)(i) further provides that where "the Contracting Party of the Investor and the Contracting Party . . . to the dispute are both parties to the ICSID Convention," the dispute will be submitted for arbitration under that convention. Accordingly, Spain consented to arbitrate the underlying dispute pursuant to the ICSID Convention.

15. On February 17, 2016, Eurus filed a request with the International Centre for Settlement of Investment Disputes ("ICSID") for arbitration under the ICSID Convention. Jx. Dec. ¶ 5. Eurus contended that Spain's legislative and regulatory actions that retrenched on the incentives offered for Eurus's investments constituted a breach of Spain's obligations under the ECT. *Id.* ¶¶ 241-46, 276-93, 371-77.

16. An ICSID arbitral tribunal (the "Tribunal") was constituted on May 2, 2016. Jx. Dec. ¶ 9.

17. The Tribunal conducted hearings on merits and jurisdiction in Paris, France from July 18, 2018 to July 21, 2018, and on July 23, 2018. Jx. Dec. ¶ 39.

18. On March 17, 2021, the Tribunal issued the 143-page Decision on Jurisdiction and Liability, which is incorporated by reference in the Award. In the decision, the Tribunal first determined that it had jurisdiction to resolve Eurus's claim, Jx. Dec. ¶¶ 151-53, 191-95, 204-15, except as to a narrow dispute regarding certain tax measures, *id.* ¶ 180. The Tribunal further

4

determined that Spain's measures retrenching on its renewable energy incentives and "clawing back subsidies paid before their adoption," *id.* ¶ 390, breached Spain's obligation under Article 10(1) of the ECT to accord fair and equitable treatment to Eurus's investments within Spain's territory, because they violated Eurus's "legitimate expectations" that the incentive scheme would remain "stabl[e]," *see id.* ¶¶ 311-69, 405-33, 467. The Tribunal reserved its final decision on the amount of damages pending new submissions from the parties reflecting its decisions. *Id.* ¶¶ 455-61, 468-69. It also reserved its decision on costs. *Id.* ¶ 469.

19. On November 14, 2022, the Tribunal issued the Award, in which it ordered Spain to pay €106,200,000 as compensation, in addition to interest calculated by reference to a two-year Spanish sovereign bond, compounded annually, from June 1, 2021 until the date of payment of the Award. Award ¶ 158(1). The Tribunal also ordered Spain to pay Eurus arbitration and legal fees and costs in the amount $4,332,197.16, in addition to post-Award interest calculated by reference to a two-year Spanish sovereign bond from the date of the Award until the date of payment. *Id.* ¶ 158(2).

20. On December 28, 2022, Eurus submitted a request for rectification of the Award to specify how a negative interest rate on the two-year Spanish sovereign bond should be addressed in calculating the interest due on the Award. Decision on Rectification (attached to the Rozen Declaration as Ex. B), ¶¶ 6, 22. On May 15, 2023, the Tribunal issued its Decision on Rectification, determining that "any negative rate on the two-year Spanish bond that is relevant to calculating the interest due on payment of the Award amount should be treated as a rate of zero when calculating the applicable interest," and amended the Award accordingly. *Id.* ¶ 71(1)-(2). The Tribunal further ordered Spain to pay Eurus costs of the rectification proceeding, including two thirds of legal fees, in the amount of $95,816.76 and ¥8,435,421.33, in addition to interest calculated by reference to a two-year Spanish sovereign bond, from the date of the Decision on Rectification until the date of payment. ¶ 71(3).

21. On September 12, 2023, Spain filed an application for annulment of the Award and requested a stay of enforcement of the Award. Decision on Request to Stay Award (attached to Rozen Declaration as Ex. C), ¶ 3. On March 19, 2024, an *ad hoc* Committee constituted under the ICSID Convention decided that the stay of enforcement of the Award should continue subject to Spain posting appropriate security within 30 days of the Committee's decision fixing the amount of the security. *Id.* ¶ 122(iii).

22. On June 17, 2024, the Committee terminated the stay of enforcement of the Award and reserved its decision on costs until it issues its decision on annulment, which remains pending. Decision Lifting Stay (attached to Rozen Declaration as Ex. D), ¶ 16(i)-(ii). In the absence of a stay of enforcement, the Award is immediately binding on Spain and enforceable pursuant to the ICSID Convention. *See* ICSID Convention, art. 53(1) ("Each party shall abide by and comply with the terms of the award except to the extent that enforcement shall have been stayed pursuant to the relevant provisions of this Convention.").

## Legal Basis for Relief

23. The ICSID Convention provides that contracting parties must "recognize an award rendered pursuant to [the] Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." ICSID Convention, art. 54(1). The ICSID Convention further provides that a contracting state "with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state." *Id.*

24. The United States is a contracting party to the ICSID Convention and is therefore obligated to enforce the Award as if it were a final judgment of a court in the United States.[1] That obligation is fulfilled by 22 U.S.C. § 1650a, which provides:

> (a) An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention.

25. Arbitral awards issued against a foreign state pursuant to the ICSID Convention may be enforced by bringing a plenary action in federal court in compliance with the requirements for commencing a civil action under the Federal Rules of Civil Procedure, and with the personal jurisdiction, service, and venue requirements of the FSIA. *See Micula v. Gov't of Romania*, 104 F. Supp. 3d 42, 49-50 (D.D.C. 2015); *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 100, 117-20 (2d Cir. 2017).

26. Awards issued pursuant to the ICSID Convention are not subject to collateral attack in enforcement proceedings under 22 U.S.C. § 1650a. Contracting states' courts are "'not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award; under the Convention's terms, they may do no more than examine the judgment's authenticity and enforce the obligations imposed by the award.'" *Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela*, 87 F.4th 510, 515 (D.C. Cir. 2023).

27. The ICSID Convention therefore "'reflects an expectation that the courts of a member nation will treat the award as final.'" *Valores*, 87 F.4th at 518; *see also* ICSID Convention, arts. 53(1), 54(1). Consistent with this mandate, 22 U.S.C. § 1650a(a) provides that the FAA "shall not apply to enforcement of awards rendered pursuant to the convention," thereby "mak[ing] [the FAA's

---

[1] ICSID, *List of Member States–ICSID/3*, bit.ly/3w4CZTn.

defenses] unavailable to ICSID award-debtors in federal court enforcement proceedings." *Mobil Cerro*, 863 F.3d at 120-21. District courts thus enforce ICSID awards without allowing substantive challenges to enforcement of the awards. *See, e.g.*, *Blasket Renewable Invs., LLC v. Kingdom of Spain*, 2024 WL 4298808, at *8 (D.D.C. Sept. 26, 2024); *Perenco Ecuador Ltd. v. Republic of Ecuador*, 2023 WL 2536368, at *5 (D.D.C. Mar. 16, 2023); *Tethyan Copper Co. PTY Ltd. v. Islamic Republic of Pakistan*, 590 F. Supp. 3d 262 (D.D.C. Mar. 10, 2022); *Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*, 2018 WL 6605633, at *6 (D.D.C. Dec. 17, 2018); *Duke Energy Int'l Peru Invs. No. 1 Ltd. v. Republic of Peru*, 904 F. Supp. 2d 131, 132-34 (D.D.C. 2012); Order, *Republic of Panama v. Jurado*, No. 8:12-cv-1647, Doc. 18 (M.D. Fla. June 13, 2013).

### Cause of Action and Request for Relief

28. Arbitral awards issued pursuant to the ICSID Convention are subject to mandatory enforcement in the courts of the United States, which must give those awards the same full faith and credit as a final judgment issued by a state court. 22 U.S.C. § 1650a(a).

29. The Award was rendered in accordance with the ICSID Convention against Spain and in Eurus's favor. Eurus is therefore entitled to enforce the Award's pecuniary obligations against Spain.

30. Accordingly, Eurus is entitled to an order (a) enforcing the Award in the same manner as a final judgment issued by a court of one of the several states, and (b) entering judgment in Eurus's favor in the amount specified in the Award.

31. Eurus requests that the Court enter judgment in dollars and convert any other currency specified in the Award to U.S. dollars. *See* Award ¶ 158(i)-(ii).

WHEREFORE, Eurus requests that the Court enter an order:

(a) enforcing the Award against Spain in the same manner as a final judgment issued by a court of one of the several states; and

(b) entering judgment against Spain and in Eurus's favor in the following amounts, converted to U.S. dollars:

(i) €106,200,000 in principal;

(ii) Interest on that principal calculated by reference to a two-year Spanish sovereign bond, compounded annually, from June 1, 2021 until the date of entry of judgment;

(iii) $4,332,197.16, in arbitration costs and fees, together with interest calculated by reference to a two-year Spanish sovereign bond from November 14, 2022 until the date of entry of judgment;

(iv) $95,816.76 and ¥8,435,421.33 in costs of the rectification proceeding and legal fees, together with interest calculated by reference to a two-year Spanish sovereign bond, payable from May 15, 2023 until the date of entry of judgment; and

(v) Post-judgment interest on each of the above sums at the rate specified in 28 U.S.C. § 1961.

Dated: June 11, 2025

Respectfully submitted,

/s/Matthew D. McGill
Matthew D. McGill, D.C. Bar #481430
mmcgill@gibsondunn.com
Matthew S. Rozen, D.C. Bar #1023209
mrozen@gibsondunn.com
Jeff Liu, D.C. Bar #1672057
jyliu@gibsondunn.com
Aaron Hauptman, D.C. Bar #1735525
ahauptman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP

1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Eurus Energy Holdings Corporation*